UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and ) <br> SPRINT COMMUNICATIONS COMPANY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JAMIE D. YOAK, ) <br> ) <br> Defendant. ) | Case No. 4:13CV01292 AGF |

## MEMORANDUM AND ORDER

Currently before the Court is Plaintiffs' motion for entry of final default judgment and permanent injunction against Defendant Jamie D. Yoak. Plaintiffs, related wireless telephone carriers, brought this action for damages and injunctive relief alleging that Defendant willfully infringed Plaintiffs' rights related to their telecommunications services. More specifically, the complaint alleges that Defendant has engaged in illegal business practices involving the unauthorized access and alteration of Defendants' customer accounts, the fraudulent charge of the purchase of mobile devices and related equipment to Defendants' customers' accounts, and the conversion and transfer (or "porting") of customers' unique and desirable "vanity" phone numbers for purposes of selling the numbers for profit.

Count I of the complaint is brought under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4). Count II is brought under Missouri Revised Statutes §§ 569.095 and 569.099, which forbid tampering with computer data and with computer users.

Counts III through IX assert state common law claims for fraud, fraudulent misrepresentation, conversion, tortious interference with business relationships and prospective advantage, tortious interference with contract, civil conspiracy, and unjust enrichment, respectively.  For relief on all claims, Plaintiffs seek compensatory, consequential, statutory, and special damages including Plaintiffs' lost profits, Defendant's profits, Plaintiffs' loss of goodwill and damage to its reputation; punitive damages in an amount sufficient to punish Defendant and deter her from continuing to engage in the misconduct alleged in the complaint; Plaintiffs' reasonable investigative expenses, attorneys' fees, and costs associated with this action; and a permanent injunction enjoining Defendant from engaging in the unlawful practices described in the complaint.

On August 16, 2003, the Clerk of Court entered default against Defendant upon proof by Plaintiffs of proper service on Defendant

Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973); *see also Jenkins v. E. Asset Mgmt., LLC*, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *2-3 (E.D. Mo. Aug. 12, 2009).  Here, taking Plaintiffs' allegations in the complaint as true, except for those allegations as to the amount of damages, the Court concludes that Plaintiffs are entitled to default judgment against Defendant with respect to liability.   Plaintiffs have also established their right to

a permanent injunction against Defendant, and to attorneys' fees, as provided for by the above-cited Missouri computer tampering statutes.

With respect to damages, Plaintiffs have provided sufficient documentation and evidence supporting their entitlement to the amounts they seek, up to September 18, 2013, for change fees Plaintiffs incurred as a result of Defendant's illegal and tortious conduct ($306,600.00), lost customer revenue ($115,660.97), and stolen mobile devices and equipment for which Plaintiffs had to provide refunds ($164,190.85), for a total of $586,451.82   Plaintiffs assert that they are unable to fully assess their damages because discovery has not yet taken place in this case.  They request that the Court allow them to conduct "post-judgment" discovery, including the ability to conduct third-party discovery, and that the Court retain jurisdiction on the issue of damages until such time as Sprint is able to collect sufficient evidence to quantify all of its damages and present them to the Court.

Upon review of the record, including Plaintiffs' proposed injunction and order,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for entry of final default judgment is **GRANTED with respect to liability**.  (Doc. No. 17.)

**IT IS FURTHER ORDERED** that a Permanent Injunction is entered in this case as follows:

Defendant Jamie D. Yoak is immediately and permanently **ENJOINED** from:

a. accessing, altering, changing, or modifying any Sprint account without authorization;

3

b. purchasing, selling, trafficking, porting, transferring, converting, procuring, interfering with, and/or using, directly or indirectly, any telephone number of a Sprint customer without the customer's permission;

c. purchasing, selling, trafficking, porting, transferring, converting, and/or interfering with, directly or indirectly, any telephone number provided by any other telecommunications company and porting or attempting to port that number to Sprint;

d. contacting or communicating with Sprint, its customers, or any other telecommunications company for the purpose of, or in any way related to, accessing or altering a Sprint customer's account without authorization, unlawfully porting a telephone number related to a Sprint customer, or otherwise perpetrating a fraud or deception of any kind involving Sprint or a Sprint customer;

e. harassing Sprint or its customers;

f. accessing Sprint's computers through any deceptive means, including but not limited to deceptive statements to Sprint customer service representatives intended to cause them to access Sprint computers, online account access via the internet, and calls to Sprint's telephone automated systems;

g. using or encouraging or permitting others to use false or fraudulent names and/or identities or illegally posing as a Sprint customer in any communications to, with, or regarding Sprint;

h. illegally acquiring, purchasing, transmitting, transporting, transferring, leasing, and/or reselling any Sprint Product (including any product, good, or service

4

manufactured, distributed, sold, or provided to customers or offered for sale by Sprint, including but not limited to Sprint handsets accessories, component parts, activation materials, or other items affiliated with Sprint or bearing a Sprint trademark);

i. making, encouraging, or permitting others to make false representations that Defendant or anyone working with or on her behalf is associated or affiliated in any way with Sprint; and

j. assisting, encouraging, directing, facilitating, or condoning any other person or entity to engage in any such conduct prohibited by this Permanent Injunction.

**IT IS FURTHER ORDERED** that Plaintiffs shall complete discovery on damages by December 20, 2013, and shall submit a full accounting of its damages, including costs and attorney's fees, as well as an affidavit or declaration in support thereof within 14 days from the date discovery is completed.  If Plaintiffs require additional time to conduct discovery, the Court will entertain a motion to extend the discovery deadline upon a showing of good cause.  Once the damages issue has been resolved, the Court will issue a final judgment in this case.

**IT IS FURTHER ORDERED** that along with their submission on damages, Plaintiffs shall submit documentation in support of an award of attorney's fee incurred in this action.

                                                  _____
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2013.