UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JAMIE D. YOAK,<br><br>Defendant. | Case No. 4:13CV01292 AGF |

## **MEMORANDUM AND ORDER**

Currently before the Court are two motions filed by Defendant to dismiss this case due to lack of proper service. An evidentiary hearing was held on the validity of service of process. Based on the record including the parties' post-hearing briefs, and having had the opportunity to assess the demeanor and credibility of the witnesses, the Court concludes that Defendant was served with process in accordance with Federal Rule of Civil Procedure 4(e) on August 1, 2013. Accordingly, the Court will deny Defendant's motions to dismiss.

The complaint in this case was filed on July 9, 2013. Plaintiffs, related wireless telephone carriers, sought damages and injunctive relief, alleging that Defendant fraudulently charged the purchase of mobile devices and equipment to Plaintiffs' customers' accounts and converted and transferred (or ported) customers' vanity phone numbers for purposes of selling the numbers for profit. On August 26, 2013, the Clerk

of Court entered an order of default against Defendant based upon the return of service and supporting documents filed on August 22 and August 23, 2013, that indicated that service had been effected on August 1, 2013. The docket sheet reflects that a copy of the entry of default was mailed to Defendant at her correct address.

By Order dated October 25, 2013, the Court granted Plaintiffs' motion for default judgment with respect to liability, and entered a permanent injunction against Defendant enjoining Defendant from engaging in the misconduct alleged in the complaint. With respect to damages, the Court found that Plaintiffs had provided sufficient evidence supporting their entitlement to the amounts they sought up to September 18, 2013 ($587,451.82), but granted Plaintiffs' request for permission to conduct discovery regarding the full extent of their damages. The Court stated that once the damages issue was resolved, the Court would issue a final judgment in the case.

The record indicates that in November 2014, Plaintiffs served Defendant with a deposition subpoena on the issue of damages. On November 19, 2013, Defendant filed a Motion for More Time for Protective Order, in which she objected to the date, timing, and arrangements for her deposition – based on her unavailability and health considerations; Defendant did not mention or challenge service of the complaint.

On January 3, 2014, Plaintiffs filed a motion for entry of final judgment for damages in the amount of $587,451.82, stating that they decided to forego seeking damages beyond that amount. On January 8, 2014, Defendant filed a notice of her intent to seek dismissal of the case based on insufficient service of process, and on February 6,

2014, and March 5, 2014, she filed motions to dismiss the case on the ground that Plaintiffs failed to serve her properly. Defendant made representations that directly contradicted those in the return of service and supporting documents, and that, if true, would call into question the validity of service. And so, by Order dated April 14, 2014, the Court set an evidentiary hearing on the issue of service of process.[1] The hearing spanned three afternoons, with both sides calling numerous witnesses, and Defendant testifying in narrative form on her own behalf.[2]

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant" and must set aside a default judgment entered against the defendant. *Printed Media Servs., Inc. v. Solna Web, Inc*., 11 F.3d 838, 843 (8th Cir. 1993). Furthermore, entry of default judgment is not favored by the law. *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995). It is not entirely clear which party bears the burden, in this context, of showing that proper service was made; the Court will assume that it is Plaintiffs' burden.

---

[1] Immediately prior to the hearing, the Court became aware that the caption on the Court's docket sheet showed Defendant's street address as 408 Sun Bear Court, rather than 3408 Sun Bear Court. The notice of the hearing was not returned to the Court as undeliverable, and Defendant appeared for the hearing, establishing that she in fact received the notice. The docket sheet was then corrected to show Defendant's correct address.

[2] Defendant chose to proceed pro se at the hearing, after the Court cautioned her as to the wisdom of doing so and informed her that she could ask for counsel to be appointed if she could not afford one, by filing a request and a financial affidavit. Defendant declined, stating that she did not believe she would qualify and because being represented by counsel had not worked out so well for her in a prior lawsuit.

As relevant here, under Federal Rule of Civil Procedure 4(e)(2)(A), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally."

As noted in 4A Wright & Miller, Federal Practice & Procedure § 1095 at 516-17 (3d ed. 2002):

If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in defendant's presence or, if a touching is impossible, simply to leave them in the defendant's physical proximity. It is not crucial in these circumstances that the defendant does not take the papers into his or her possession. Since this procedure satisfies the objective of giving notice to the party to be served, it seems to be entirely sufficient to satisfy the delivery requirement of Rule 4(e)(2).

"Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009); *accord Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x, 78, 79-80 (3d Cir. 2005); *Doe 1 v. Liu Qi*, 349 F. Supp. 2d 1258, 1275 n.5 (N.D. Cal. 2004) ("[w]here a defendant attempts to avoid service *e.g.* by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant.").

The Court first finds credible the testimony of the process server that he made several attempts prior to August 1, 2013, to serve Defendant personally in this case, but

that she intentionally evaded service. This testimony was supported by that of the principal of the process service company for whom the server worked.

The Court further finds credible the process server's testimony as to the following: On July 31, 2014, he placed a copy of the summons and complaint, and other early documents filed in this case, in a Federal Express box for next day delivery. He thereafter observed the box being delivered to Defendant's front porch near the door at about 12:00 p.m. on August 1, 2013, from his car that was parked across the street from Defendant's house for the purpose of surveillance. At about 2:45 p.m. on August 1, 2013, he saw Defendant emerge from the front door of her house, and he immediately exited his car and approached her while he was reading the contents of papers he intended to serve upon her, which included the summons and complaint. Defendant withdrew into the house to evade service and the process server left a copy of the summons and complaint, along with other documents in the case, affixed to her door.

The Court finds that the process server's testimony at the evidentiary hearing was not credible with respect to certain other events on August 1, 2013, at Defendant's house. This witness testified that after he left the documents on Defendant's door, he drove away, but at his employer's direction, contacted the police, and returned to the house with a police officer. The server initially testified that the officer banged loudly on Defendant's door but Defendant did not respond. After the officer testified that he indeed accompanied the server to Defendant's house but did not knock on Defendant's door, the server recanted his testimony on this point, explaining that he had been involved with

serving Defendant in a prior case, one brought by T-Mobile USA, Inc., against Defendant in December 2010 alleging similar misconduct as the present case, and may have confused the police officer's action on August 1, 2013, with actions of an officer in the prior case, or the actions of another officer in this case a few days prior.  This does give the Court pause with respect to the server's credibility, but the Court believes his explanation of his confusion is plausible.

The Court recognizes that Defendant has medical conditions, including severe insomnia and various fears, which make it very difficult for her to leave her house, especially in the morning.  The Court finds Defendant's testimony that she did not open her door and at least begin to emerge from her house at the time in question on August 1, 2013, and never saw the process server on that day, not credible.  Rather, the Court believes that upon seeing the Federal Express box on her porch, she opened her door and the immediately ensuing events as described by the process server took place.  The Court also does not find credible Defendant's assertion that she neither looked at the Federal Express package nor determined its tracking number.

It is not disputed that Defendant saw and retrieved, that day or the next day, all the papers that had been left by the process server affixed to her door.   Defendant testified to such herself.  The Court does not find credible her testimony that these documents did not include the summons or complaint (Docket Entry Number 1), but just Docket Entries Number 3 (the disclosure of Plaintiffs' corporate interests), Number 4 (declaration of a fraud investigator for Plaintiffs), Number 5 (motion for a preliminary injunction), and

6

Number 6 (memorandum in support of the motion for a preliminary injunction). It simply does not make sense to the Court that an experienced process server would attempt to serve an individual with various documents filed in a case, but not the summons and complaint.[3] Further, the Court credits the testimony of the process server witnesses rather than that of Defendant to the extent they conflict on this issue.

Defendant presented some credible evidence that she did not believe she had been served on August 1, 2013, in accordance with the law, but this subjective legal conclusion on Defendant's part is not relevant. The Court finds not credible her testimony that she was confused by the documents she retrieved from her door, thinking they may have been related to the T-Mobile USA, Inc. case against her – a case that had settled and closed on March 30, 2012.

Based on the credible testimony as set forth above, the Court concludes that Plaintiffs established that they served Defendant on August 1, 2014, in compliance with the dictates of Federal Rule of Civil Procedure 4(e)(2)(A).

---

[3] The Court notes that the retrieval by Defendant of the documents in this case she acknowledges she retrieved provided her with clear notice of Plaintiffs' action against her. "Service of process is essentially the fulfillment of the due process requirement of notice." *LNV Corp. v. Robb*, 843 F. Supp. 2d 1002, 1005 (W.D. Mo. 2012) (citing *Silinzy v. Williams*, 247 S.W.3d 595, 599 (Mo. Ct. App. 2008)). "Due process only requires notice reasonably calculated to apprise the defendant of the pendency of the action and afford him an opportunity to present his objections." *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions to dismiss this case due to lack of proper service are **DENIED**.  (Doc. No. 28 & Doc. No. 32.)  The Court will issue a separate Order on Plaintiffs' motion for entry of final judgment, and a separate scheduling Order with respect to Plaintiffs' motion for an Order directing Defendant to show cause why she should not be held in contempt for violation of the permanent injunction issued in this case.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2014.