UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, Plaintiffs, v. JAMIE D. YOAK, Defendant. | Case No. 4:13CV01292 AGF |

## MEMORANDUM AND ORDER

On November 10, 2014, an evidentiary hearing was commenced on Plaintiffs' motion for a finding of civil contempt and imposition of sanctions against Defendant. The hearing is scheduled to continue on December 10, 2014, at 1:00 p.m., and if not completed on December 10, to be completed on December 11, 2014, beginning at 1:00 p.m. Now before the Court is Plaintiffs' request to present the testimony of non-party AT&T's representative by contemporaneous transmission. According to Plaintiffs, this witness came from Seattle, Washington, for the hearing on November 10, 2014, but did not testify on that date. Sprint seeks to avoid spending additional money to bring the witness here again, and to save the witness time. According to the parties' joint stipulation filed on November 19, 2014, Defendant objects to the request because "it was Plaintiffs' presentation of

its case that caused the non-party witness to not be able to testify on November 10, 2014" and because Plaintiffs have not shown good cause why the witness cannot attend in person. The parties anticipate that the witness would testify on direct for one hour, and on cross-examination for one hour.

Rule 43(a) of the Federal Rules of Civil Procedure provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Advisory Committee's notes to Rule 43 state:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial . . . [and a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Courts interpret compelling circumstances to include "illness, disability, legal impediment, or actual conflict." *Christians of Cal., Inc*. v. *Clive Christian NY, LLP*, No. 13-cv-275 (KBF), 2014 WL 6467254, at *4 (S.D.N.Y. Nov. 10, 2014). Courts also recognize travel cost and time-related factors as providing good cause, especially in the case of third-party witness testimony. *See, e.g., Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 499-501 (2010) (approving use of videoconferencing for trial in Washington, D.C., where witness was in Oregon); *Fed. Trade Comm'n v. Swedish Match*

*N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (finding good cause for videoconferencing where witness was in Oklahoma and hearing was in Washington, D.C.).

Defendant's assertion that the witness in question was unable to testify on November 10, 2014, due to Plaintiffs' presentation of their case is misleading. The hearing on November 10 was scheduled to begin at 1:30 p.m., rather than in the morning, at Defendant's request, to accommodate Defendant's health concerns. Testimony on November 10 was also delayed by Defendant's belated request, and argument thereon, to continue the hearing so that she could seek certain documents.

The Court notes that AT&T is not a party and has already traveled to St. Louis once for this hearing. Further, in light of the proposed schedule for testimony and limited flights, the witness would have to stay overnight one night, and perhaps several nights, if his or her testimony is not completed on Wednesday afternoon and must carry over to Thursday afternoon (again recognizing that the Court has scheduled the hearing only in the afternoon to accommodate Defendant).

Under the circumstances, the Court will grant Plaintiffs' request to present the testimony of the witness in question by videoconference. The use of videoconferencing technology for the testimony will not have a significantly adverse effect on Defendant's ability to cross-examine the witness or the court's ability to make credibility determinations, and it will spare the witness the serious inconvenience in traveling from Seattle, a second time.

Plaintiffs' counsel shall confer with defense counsel as to appropriate safeguards to be used to ensure the integrity of testimony given by the witness, including providing the videographer or other neutral party in Seattle with copies of exhibits and documents Defendant anticipates using during cross-examination of the witness. *See Scott Timber, Inc.*, 93 Fed. Cl. at 501.

                                           _____
                                           AUDREY G. FLEISSIG
                                           UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2014.