UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:13CV01292 AGF<br>) |
| JAMIE D. YOAK, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 222) of nonparties Virginia E. Yoak and James D. Yoak ("Movants"), who are the parents of Defendant Jamie D. Yoak, to modify and quash in part a post-judgment subpoena served by Plaintiffs on First State Bank of St. Charles, Missouri ("First State Bank"), in aid of execution of judgment. For the reasons set forth below, the motion to modify shall be denied.

## BACKGROUND

Plaintiffs, Sprint Nextel Corporation and Sprint Communications Company, filed this action on July 9, 2013, alleging that Defendant engaged in illegal business practices involving the unauthorized access and alteration of Plaintiffs' customer accounts, the theft of mobile devices and related equipment, and the conversion and transfer ("porting") of Plaintiffs' customers' vanity phone numbers for the purpose of selling the

numbers for profit. Default judgment was entered in favor of Plaintiffs on June 30, 2014, in the amount of $655,440.42. Defendant filed an appeal and this Court granted her motion for a stay of execution of the judgment during the pendency of the appeal. On January 26, 2015, the Eighth Circuit Court of Appeals dismissed Defendant's appeal for failure to prosecute, and on March 17, 2015, denied Defendant's motion for reconsideration.

Thereafter, Plaintiffs sought discovery in aid of execution of the judgment, under Federal Rule of Civil Procedure 69(a)(2), by serving interrogatories on numerous banks, including First State Bank. The interrogatories asked, in relevant part, whether Defendant currently or within the past year had an interest in any account, as the owner of the account or as a beneficiary, contingent or otherwise. (Doc. No. 217.) First State Bank responded that Defendant had no account with that bank, but that prior to March 18, 2015, she was the named beneficiary of two accounts owned by Movants totaling approximately $138,000, and was removed as beneficiary on that date. *Id*.

On May 5, 2015, Plaintiffs served a subpoena on First State Bank seeking "documents and records . . . regarding any account opened and/or maintained by or on behalf of Virginia E. Yoak, James D. Yoak, Jamie D. Yoak or in which Jamie D. Yoak has or had any interest." (Doc. No. 218-1 at 5.) On May 11, 2015, Movants filed the motion now under consideration. They move to modify the subpoena to the extent it relates to accounts in which only they have an interest, and to restrict the release of any information to bank accounts in which Defendant has an interest. Movants contend that the subpoena requesting documents and records relating to their own accounts violates

2

their privacy rights. They note that they are not legally liable for any judgment Defendant owes Plaintiffs.

In response to the motion to modify, Plaintiffs assert that Defendant has a history of hiding her assets to defraud creditors and using accounts in Movants' names to conceal her funds. Plaintiffs contend that the timing and circumstances surrounding the two accounts at First State Bank suggest that Defendant is again intentionally concealing her assets in an effort to fraudulently prevent Plaintiffs from collecting on the judgment in this case. Plaintiffs maintain that the discovery from First State Bank is sought "in order to determine what transpired and whether to file a motion to invalidate a fraudulent conveyance." They note that post-judgment discovery into the assets of a nonparty is permitted where the relationship between the judgment debtor and the nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets by the judgement debtor, and here Movants' relationship with Defendant, and Movants' removing her as a beneficiary on Movants' accounts on the day after this Court's stay expired on March 17, 2015, raises such a doubt. Plaintiffs state that they have "compelling reasons" to suspect that Movants' accounts at First State Bank contain fraudulent transfers of Defendant's funds. They point to the Court's finding in a different case against Defendant, alleging similar illegal conduct as in the present case, that she transferred title to her house to Movants for no consideration, and fraudulently transferred approximately $140,000 to accounts held in the name of Virginia Yoak in an attempt to move the funds out of the reach of the plaintiff in that case. *See T-Mobile USA, Inc. v. Jamie D. Yoak, et al.*, No. 4:10CV02244AGF (Order dated March 15, 2012).

In reply, Movants have presented evidence that in using the term "beneficiary" in its answer to the interrogatories, First State Bank meant "payable-on-death" beneficiary. Relying on Missouri law for the proposition that a payable-on-death designation creates no interest in the designee and the person who established the account owns and has sole control over it, Movants assert that Defendant never had an interest in the accounts in question and Plaintiffs should not have the right to subpoena information regarding the accounts. Defendant filed a separate pro se reply, arguing that the subpoena served on First State Bank is oppressive, and that Plaintiffs' attorneys engaged in misconduct with respect to Movants' monies in the *T-Mobile USA* case.

## **DISCUSSION**

Discovery in aid of execution is controlled by Federal Rule of Civil Procedure 69, which states, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Missouri's Rules of Civil Procedure allow postjudgment discovery of "matters . . . relevant to the discovery of assets or income subject to . . . the satisfaction of judgments." Mo. R. Civ. P. 76.28. Rule 69(a) allows the "judgment creditor . . . freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (citation omitted). As with general civil discovery, this is not unlimited, and "must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *Id.*

Rule 45 provides the specific rules for discovery directed at nonparties. Relevant here is subsection (d)(3), which requires the court to quash or modify a subpoena "if it requires disclosure of privileged or other protected matter, if it risks unfair prejudice to persons who are the subject of a subpoena's commands, or subjects a party to an undue burden." *Id*. Discovery, in aid of execution of a judgment, into the assets of a nonparty to a suit is "permitted where the relationship between the judgment debtor and the nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets." *Strick Corp. v. Thai Teak Prods. Co.*, 493 F. Supp. 1210, 1218 (E.D. Pa. 1980.)

The Court concludes that here the familial relationship between Movants and Defendant, the timing of the removal of Defendant as a named beneficiary, and the judicial finding in *T-Mobile USA* of fraudulent transfers by Defendant of her assets to Movants to hide the assets from potential judgment creditors, is sufficient to raise such doubts. *See, e.g.*, *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998) (allowing postjudgment discovery regarding personal finances of an individual with a close business relationship to the judgment debtor; citing Mo. R. Civ. P. 76.28); *Andrews v. Holloway*, No. CIV.A. 95-1047(JBS), 2003 WL 22227855, at *3 (D.N.J. Sept. 29, 2003) (allowing postjudgment discovery from judgment debtor's nonparty spouse to track transactions "which may tend to be probative of plaintiff's allegations of postjudgment co-mingling or concealment of assets owned or controlled by" the defendant).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movants' motion to modify the subpoena served by Plaintiffs on First State Bank of St. Charles, Missouri, in aid of execution of judgment is **DENIED**. (Doc. No. 222.) Movants shall have seven days from the date of this Memorandum and Order to propose an appropriate written protective order, and if not agreed to by Plaintiffs, to submit said protective order to the Court for review.

_____
AUDREY G. FLEISSIG
UNITED STAES DISTRICT JUDGE

Dated this 10th day of June, 2015.